DELGADO, APPELLANT, *v.* REGISTRAR OF ARECIBO, RESPONDENT.

APPEAL from a Decision of the Registrar of Property Refusing to Record an Amendment to a Recorded Title.

No. 496.—Decided July 23, 1921.

RECORD OF TITLE—IDENTITY OF PROPERTIES—CORRECTION OF AREA—SURVEY.—An. excess of six acres resulting from the survey in a property recorded as containing 51 acres is not of sufficient importance to affect the identity of the property, and a public deed wherein the owner asks that the error be corrected and refers to the survey is a sufficient basis for such correction. It is not necessary to exhibit with the deed a certificate of the survey made after notice to the adjoining owners.

The facts are stated in the opinion.

*Mr. V. Polanco de Jesús* for the appellant.

The respondent appeared by brief.

MR. CHIEF JUSTICE HERNÁNDEZ delivered the opinion of the court.

In a public deed executed in Ciales on December 2, 1920, before notary Valentín Polanco de Jesús, Manuel Delgado Toledo stated that by another deed executed on August 12 of the same year before the same notary he had purchased from the spouses José Peraza Betancourt and María Rivera the following property:

"Rural property situated in the ward of Hato Viejo, Municipality of Ciales, composed of 55 acres, equivalent to 21 hectares, 68 ares and 71 centiares of land, containing a two-story dwelling-house and bounded on the north by a part of the property from which it was segregated, or lands of the grantors and of Lorenzo Casanova; on the south by lands of Eulogio Perales; on the east by lands of the grantors, and on the west by lands of Francisco Trinidad and Miguel Soto, recorded at folio 118 of volume 52 of Ciales, property No. 2471."

Delgado Toledo further stated in the same deed that having surveyed the said property to ascertain its exact area, after notifying the owners of the adjacent properties and the grantors, the property was found to have an area of 61 acres, or an excess of 6 acres, for which reason he requested the registrar of property to correct the description of the property to read as follows:

"Rural property situated in the ward of Hato Viejo, Municipality of Ciales, composed of 61 acres, equivalent to 23 hectares, 97 ares and 53 centiares of land, containing a two-story dwelling-house and bounded on the north by a part of the property from which it was segregated and by lands of Lorenzo Casanova; on the south by lands of Eulogio Perales; on the east by lands of the grantors, or the property from which it was segregated, and on the west by lands of Francisco Trinidad and Miguel Soto."

The said document was presented to the Registrar of Property of Arecibo for the purpose of making the said

correction and the registrar refused to do so by his decision of December 20, 1920, reading as follows:

"The correction asked for in the preceding document is refused because it was not conclusively shown that in the previous survey of the property an involuntary error was committed (decision of November 22, 1893), and proof of this is not supplied by the mere statement of the interested party (decision of November 30, 1910) that a survey was made after notifying the owners of the adjacent properties and the grantors, for neither they (decision of November 23, 1893) nor the surveyor participated in the deed, which was particularly necessary in this case because the property in question was recently segregated from two other properties. A cautionary notice for 120 days is entered instead at folio 115 over, volume 62 of Ciales, property number 2471, entry letter 'A'."

That decision has been appealed from to this court.

There is no doubt about the identity of the property referred to, and the only question is whether the correction of its area should be made in the registry on the statements of the appellant in the public instrument of December 2, 1920.

In the case of *Cobb* v. *Registrar of Property,* 12 P. R. R. 211, we said:

"The General Directorate of Registries of Property has held in a number of decisions that *in important* (unimportant) differences between the area of estates according to the records in the registry and according to the documents presented for record, are not sufficient to question the identity of the estates, especially when there is no difference in the boundaries, and the registrar must record the same in the registry in the form prescribed in the regulations."

Later this court decided the case of *Figueroa* v. *Registrar of Arecibo,* 22 P. R. R. 657, on that theory, one of the Associate Justices dissenting.

In the case of *Cobb* v. *Registrar, supra,* we cited the decision of the General Directorate of the Registries of Property of November 9, 1877, to the effect that a property described in a deed as having an area different from that which it is shown to have in the old books should be recorded when

the difference is slight, and the difference of 6 acres in this case is slight, for it is less than ten per cent of the area.

And it is not important that the certificate of the survey made after notifying the grantors and the adjoining owners was not exhibited in the registry, for that was the very contention in the case of *Figueroa* v. *Registrar of Arecibo, supra,* which the majority of the court did not sustain.

There is no prejudice to third persons in making the correction sought, for the registry would show that the correction is made in view of the statements of Manuel Delgado Toledo, and in acquiring any real right in the property a third person can exact of the grantor whatever may be proper to secure his right as to the area of the property if he should entertain any doubt about it.

The decisions of November 22, 1893, and November 30, 1910, cited by the registrar (that of November 23, 1893, we have not found) are not applicable to this case, because the difference in the areas to which they refer are so important that they might affect the identity of the property.

The decision appealed from must be reversed and the correction ordered to be made according to law.

*Reversed.*

Justices Wolf, Aldrey and Hutchison concurred.
Mr. Justice Del Toro dissented.